LEMMON, Judge,
dissenting and assigning reasons.
Since this appeal involves an exception of no cause of action, reference may be had only to the allegations of fact contained in the reconventional demand. That pleading incorporates a single-page sales contract which includes both the sale and the promissory note. The integrated contract also contains the pertinent language, quoted in the majority opinion, which is required by 16 C.F.R. 433.
Thus, the integrated contract, containing both the promise to pay and the “subject to” provision required by federal law, is the only document appropriate for consideration by this court (although plaintiff bank apparently clipped the promissory note from the bottom of the contract and filed suit on the note only).
In this case it is irrelevant whether or not this is a consumer credit contract under which the Federal Trade Regulation required inclusion of the “subject to” provision.[1] The provision is in fact included in the contract, and that contract, with all of its terms and conditions, has become the law between the parties.
When the entire contract is considered, the note as part of one integrated contract is non-negotiable, because the promise to pay is conditional, being “subject to” the claims and defenses of the debtor against the seller. R.S. 10:3-105. And since the entire contract apparently was assigned to plaintiff bank, it cannot be a holder in due course of a note which was non-negotiable when received R.S. 10:3-302 and 3-102.
Other facts presented at trial may warrant a different conclusion, but on this record the reconventional demand states a cause of action against the bank (or at least indicates that the grounds for objection can be removed by amendment of the pleadings). The exception of no cause of action should have been overruled.

. Interestingly, 16 C.F.R. 433 merely makes it an unfair trade practice not to include this language in a consumer credit contract. Presumably a contract without this language is valid, but the seller is subject to penalties for violation of the regulation.